ANSTEAD, Judge,
specially concurring:
I agree with the majority that the petition for rehearing should be denied but add these brief remarks with the hope of resolving the parties’ apparent misunderstanding of our holding and avoiding the same problems on remand.
In defense of the claim on one of its life insurance contracts, the insurance company alleged that the policy was fraudulently secured and that upon the discovery of the fraud it properly cancelled the contract and the insured in essence agreed to the cancellation. There is evidence in the record to support these allegations and the existence of this evidence precludes the disposition of this case by summary judgment. For instance, the company asserts that it specifically advised the agents involved that it would not participate in any bartering arrangements for the payment of premiums and that it was not aware of the circumstances under which this policy was issued. There is also evidence that the insured falsely advised the company that he had paid the full first year premium by check; that he had not actually provided any. consideration to the agent for the payment of the first year premium; and that he had acquiesced in the cancellation of the policy. The appellee disputes the allegations of fraud and points to evidence in the record indicating that the company was aware of and consented to a bartering arrangement by which the premiums were paid and that the entire transaction was legitimate. There is an issue of fact on the fraud defense.
In addition, on appeal, the insurance company has asserted that Section 627.4035, Florida Statutes (1979) bars any recovery under the policy. However, there is no indication in the record that this alleged statutory bar was pleaded below or that the appellee had an opportunity to reply to this defense. We have made no ruling on this issue other than to indicate that upon remand it should be addressed in amended pleadings.